ACCEPTED
12-14-00113-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/30/2014 4:29:17 PM
CATHY LUSK
CLERK

Number 12-14-00113-CV

## COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/30/2014 4:29:17 PM

CATHY S. LUSK
Clerk

for the

TWELFTH DISTRICT OF TEXAS

Tyler, Texas

---

## CHAD RIEMENSCHNEIDER, ET UX REBEKAH RIEMENSCHNEIDER

Appellants

v.

## EAST TEXAS MEDICAL CENTER-CROCKETT, INC. and TIM MEYER,

Appellees

---

Appeal from Cause Number 12-0006
349th District Court, Houston County, Texas
Honorable Pam Foster Fletcher, Presiding Judge

---

## REPLY BRIEF OF APPELLANTS

---

Law Offices of Jon L. Anderson
P.O. Drawer 1528
Lufkin, Texas 75902-1528
Telephone – 936.637.7422
Fax – 936.632.8713

ATTORNEY FOR PLAINTIFFS - APPELLANTS,
CHAD RIEMENSCHNEIDER ET UX REBEKAH RIEMENSCHNEIDER

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

INDEX OF AUTHORITIES ....................................................... ii

I.  Introduction ..................................................................... 1

II.  Requirements for a Valid Assignment to ETMC Crockett................. 1

III.  The Failure to Establish an Assignment by "Facilities" or
"Systems" of the Original Lease to the Defendant Herein................. 2

CONCLUSION ......................................................................... 4

PRAYER ................................................................................. 4

SIGNATURE ............................................................................ 5

CERTIFICATE OF COMPLIANCE ............................................... 5

CERTIFICATE OF SERVICE ....................................................... 6

# INDEX OF AUTHORITIES

## CASES:

*City of Wilmer v. Laidlaw Waste Sys. (Dallas) Inc.,*
     *890 S.W.2d 459 (Tex. App.—Dallas 1994),*
     *aff'd, 904 S.W.2d 656 (Tex.1995)* .............................................. 3

*Dailey v. Albertson's, Inc., 83 S.W. 3d 222*.............................................. 3
     *(Tex. App. – El Paso 2002, no pet.)*

*Grand Prairie Indep. Sch. Dist. v. Vaughan, 792 S.W.2d*
     *944 (Tex. 1990) (per curiam)*......................................................... 3,4

## RULES AND STATUTES:

TEX. R. CIV. P. 166a(f).................................................................. 3

TEX. HEALTH & SAFETY CODE ANN. (Vernon 2010)

     § 285.071...................................................................... 1

     § 285.072...................................................................... 1

TEX. CIV. PRAC. & REM CODE ANN.§ 101.106 (Vernon 2011) ............ 1

# I.

## Introduction

ETMC Crockett and Tim Meyer, a private corporation and its employee, are attempting to hide in the shadow of a governmental entity, Houston County Hospital District, to dodge responsibility for the horrible tragedy that will ruin the lives of Chad Riemenscheminder and his family. In order to avoid the consequences of their own documented negligence, Defendants, ETMC Crockett and Meyer, must establish compliance with the law and in this case, with the contractual requirements that would afford Defendants the "legal" escape from their negligence. Quite simply, Defendants do not make such a showing and should be held accountable for their conduct.

# II.

## Requirements For a Valid Assignment to ETMC Crockett

As previously stated and agreed by the parties, in order for Defendant, ETMC Crockett, and its employee, Meyer, to qualify for protection under the Texas Tort Claims Act, they must show compliance with Texas Health and Safety Code Sections 285.071 and 285.072. In addition, they must show they have complied with the contractual requirement of assignment by Lessor or Lessee in the original Lease Contract between Houston County Hospital District (Lessor)

1

and Facilities (Lessee) dated May 5, 1995 (Supp. CR 129) before the creation of ETMC Crockett on June 23, 1995.  Supp. CR 136.  Despite all its pronouncements, Defendant simply cannot establish a legal connection.

III.

**The Failure to Establish an Assignment by "Facilities" or "Systems" of the Original Lease to the Defendant Herein**

Defendants offer no evidence establishing that either "Facilities" or "Systems" assigned the Lease to ETMC Crockett.  No such document exists in the record.  Further Defendants offer no evidence that either "Facilities" or "Systems" gave written consent for the Houston County Hospital District (Lessor) to assign the Lease to Defendant as required by Section 17.02 of the original Lease (Supp. CR 127).  Further, Defendants offer no proof of the existence of any written amendment, modification or alteration of the original Lease as required by Section 18.06 of the Lease, that would have permitted another method of assignment of the rights and responsibilities under the Lease. Section 18.06 states: "Amendment.  No amendment, modification or alteration of the terms of this Lease Agreement shall be binding unless it is in writing, dated subsequent to the date of this Lease Agreement and duly executed by the Parties to this Lease Agreement." –  Section 18.06.  Supp. CR 128.

Defendants place all their hopes in the Memorandum of Lease (Supp. CR

2

376) and the Amended Affidavit of Byron Hale. Supp. CR 133.

First, the Memorandum of Lease not only cannot meet the requirements of an assignment by any party to the original Lease, defense counsel admitted this in the hearing when he claimed the Memorandum to be a "new agreement" which overrides the original Lease terms. RR 33. What term in the original Lease allows a party to the Lease to simply "ignore" its terms and enter into a new contract directly in contravention of the existing agreement?

Secondly, The Amended Affidavit of Byron Hale (Supp. CR 133) is "no evidence" of compliance of the Assignment provisions of the original Lease. Mr. Hale states explicitly that he only has "personal knowledge of facts stated in his Affidavit from October 1998 to the present..." Supp. CR 133. Therefore, by direct implication, he admits having no personal knowledge of any events prior to October 1998, as required by Texas Rule of Civil Procedure 166a(f).

Plaintiffs cite authority in the original brief for the proposition that under these circumstances a lack of personal knowledge is a defect of substance that can be raised for the first time on appeal. Dailey v. Albertson's, Inc., 83 S.W.3d 222, 226 (Tex. App. – El Paso 2002, no pet.). This concept was affirmed by the Texas Supreme Court in City of Wilmer v. Laidlaw Waste Sys. (Dallas) Inc., 890 S.W.2d 459, 467 (Tex. App. – Dallas 1994), affirmed 904 S.W.2d 656, 660-661 (Texas 1995). Defendants try to distinguish this precedent by citing Grand Prairie Indep.

3

Sch. Dist. v. Vaughan, 792 S.W.2d 944, 945 (Tex 1990) for the proposition that failure to recite personal knowledge is a defect of form that can be waived. See Vaughan, 792 S.W.2d at 945. But Vaughan specifically states that in that case it was "clear" that the affiant was testifying from personal knowledge. Id. Such is not the case herein where Byron Hale goes out of his way not to claim personal knowledge of facts during the relevant time period. Supp. CR 133. This is not a case where an affidavit omits a rote recitation of personal knowledge: it is an admission that there is no personal knowledge. This is a substantive defect, and Hale's affidavit is not competent evidence.

## Conclusion

Defendants cannot establish through relevant evidence in this record compliance with the requirements of the law that would allow them to avoid the consequences of their wrongdoing. Unfortunately, the Riemenschneider family is left with no escape from the consequences of Defendants' actions.

## **PRAYER**

For the reasons stated, Appellants pray that the Judgment of the District Court be reversed and this case remanded for trial. Appellants also request such other and further relief as may be just.

4

Respectfully submitted,

**Law Offices of Jon L. Anderson**
P.O. Drawer 1528
Lufkin, Texas 75902-1528
936.637.7422
936.632.8713 (Fax)


By: /s/ *Jon L. Anderson*
    **Jon L. Anderson**
    SBN 01196100
    jla@consolidated.net


## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4(I)

This Brief was prepared in Times New Roman 14-pt typeface using WordPerfect X5 and, in reliance on the word count of the computer program used to prepare the document, I certify that this Brief contains 1003 words, excluding the parts of the Brief exempted by Rule 9.4(i).

/s/ *Jon L. Anderson*

**Jon L. Anderson**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 30, 2014 a true and correct copy

of the foregoing document was delivered to counsel listed below via email to:

Mr. Russell G. Thornton
Stinnett Thiebaud & Remington LLP
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202-2701
Via Email @ rthornton@trtblaw.com

/s/ *Jon L. Anderson*

**Jon L. Anderson**
*Attorney for Appellants*